# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Dayna Spann, | Case No.: 2:23-cv-00116-JAD-NJK |
|        Plaintiff | |
| v. | **Order Granting Defendant's Motion to Dismiss for Lack of Jurisdiction and Closing Case** |
| Bank of America, | |
|        Defendant | [ECF No. 8] |

Pro se plaintiff Dayna Spann sues Bank of America for breach of contract after she sent its CFO a "collateral security agreement" and Bank of America didn't perform. She contends that the "collateral security agreement"—which is really a copy of her November 2022 account statement with the words "Pay to Bearer Three Hundred Thirty Dollars 00/100" written on it— allowed her to "setoff" her "principal unpaid balance," and Bank of America's refusal to accept that "tender" breached the contract formed between Spann and the bank when she opened her bank account.[1] Bank of America moves to dismiss, arguing that the court lacks jurisdiction and, alternatively, that Spann's complaint fails to state a claim.[2] Because Spann has failed to show that the court has federal or diversity jurisdiction over her complaint, I grant Bank of America's motion and dismiss this case.

---

[1] ECF No. 1 at 7; ECF No. 11 at 5.

[2] ECF No. 8.

**Discussion**

"Federal district courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."[3]  For a federal court to hear a civil action, the claims alleged must trigger one of two legally recognized bases for federal-court jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.  Federal-question jurisdiction allows a litigant to bring a claim in federal court if it arises under federal law.[4]  Diversity jurisdiction permits individuals to bring state claims in federal court if the value of their claim exceeds $75,000 and the parties are citizens of different states.[5]

Spann's complaint appears to invoke diversity jurisdiction, as she notes that she is a resident of Nevada and Bank of America is a resident of North Carolina.[6]  But she also alleges that she is seeking relief for damages "in excess of $15,000," which Bank of America contends is insufficient to meet the amount-in-controversy requirement for diversity jurisdiction.  Spann's claim does not allege the amount-in-controversy necessary to confer jurisdiction in federal court. And when one reviews the basis of her breach-of-contract claim—her attempt to offset her principal account balance by $330.00—it is clear from the face of her complaint that she cannot meet that jurisdictional threshold.  So this court lacks diversity jurisdiction over this case.

In Spann's response to Bank of America's motion to dismiss, she contends that this court has federal-question jurisdiction over her case because (1) she references the Federal Reserve Act in her complaint and (2) she "has the right to exercise her Fifth Amendment in the

---

[3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up).
[4] 28 U.S.C. § 1331.
[5] 28 U.S.C. § 1332(a)(1).
[6] ECF No. 1 at 1.

Constitution making this a federal matter."[7]  But Spann does not bring claims that *arise under* the Federal Reserve Act or the Fifth Amendment.  She asserts one claim for breach of contract, which is a quintessentially state-law cause of action.  Spann's belief that the Federal Reserve Act supports her attempts to serve her "collateral security agreement" on the Bank of America does not transform her breach-of-contract claim into one arising under that federal law.  So I find that Spann's contract-based claim does not invoke federal-question jurisdiction either.  Deprived of jurisdiction, I must dismiss this case without reaching Bank of America's alternative arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6).

**Conclusion**

**IT IS THEREFORE ORDERED** that Defendant Bank of America's motion to dismiss **[ECF No. 8] is GRANTED**.  **This case is DISMISSED for lack of subject-matter jurisdiction**.  The Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY** and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 1, 2023

---

[7] *Id.* at 2–3.